IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                    No. 96-10076-03-JTM

KERRY DEVIN O'BRYAN,
    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on two requests for relief by defendant Kerry Devin O'Bryan. First, he seeks a reduction in his sentence pursuant to the First Step Act (FSA), arguing that by "clarifying amendment," the FSA reduced the term of incarceration he received for armed bank robbery.[1] *See* Motion to Reduce Sentence (Dkt. 229). Second, he has filed a series of pleadings and communications seeking emergency compassionate release based on the hospitalization of his adult daughter.

---

[1] The Tenth Circuit has subsequently authorized O'Bryan to submit a successive § 2255 motion "challenging his § 924(c) conviction and sentence under [*United States v.*] *Davis*, [139 S.Ct. 2319, 2336 (2019)]." *Davis* held that 18 U.S.C. § 294(c)(3)(B), the "residual clause" defining crimes of violence for purposes of § 924, was unconstitutionally vague. O'Bryan has yet to present the authorized motion, and this court recently denied defendant's request for appointment of counsel, finding that defendant was capable of presenting his own arguments in support of such a new § 2255 motion. (Dkt. 239, at 4).

The court denies defendant's § 2255 motion grounded on the FSA. Although the FSA does amend Section 924(c) sentences, the Act is not retroactive. *See United States v. Drayton*, 2019 WL 646872, *2 (D. Kan. Feb. 6, 2019).

The court also denies O'Bryan's other various motions (Dkt. 241, 243, 244) directed at reducing his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The FSA modified prior law, which provided that the district court lacked authorization to reduce a sentence for compassionate reasons, in the absence of a specific motion by the Bureau of Prisons (BOP). Under the amended version of § 3582(c)(1)(A), a prisoner may seek compassionate release independent of any motion by the BOP. *See United States v. Fox*, No. 4-03-DBH, 2019 WL 3046086, at *1-3 & n.1 (D. Me. July 11, 2019) (FSA alters the procedure and "not … the statutory criteria for compassionate release."

Still, even the amended version of the statute provides that a prisoner may seek relief on his own motion if he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." None of O'Bryan's communications to the court (Dkt. 241, 242, 243, 244) indicate that this exhaustion of administrative rights as to the issue of his daughter's hospitalization has occurred.

But even if this condition precedent was satisfied, the court concludes that immediate release of O'Bryan from custody is not justified. The defendant seeks release on the grounds that his daughter is hospitalized and awaiting a liver transplant.

2

Without denying the seriousness and concern naturally arising from such an event, the court must balance this interest against other factors in the case. The statute authorizes relief only if there are "extraordinary and compelling reasons" justifying the relief. Under U.S.S.G. 1B1.13(1), such reasons generally are limited to the defendant's medical condition, her age, or the death or incapacitation of close family members. The court may grant relief, but must consider the sentencing factors sent forth in 18 U.S.C. § 3553. Thus, humanitarian considerations are balanced, for example, against the severity of the prisoner's offenses, including any participation in acts of violence. *See, e.g., Jones v. United States,* No. CIV.A. H-06-2599, 2006 WL 3469584, at *6 (S.D. Tex. Nov. 28, 2006).

Application Note 1 to U.S.S.G. § 1B1.13 explains that "extraordinary and compelling reasons" for compassionate release typically arise from the defendant's own age or medical condition, or the "incapacitation of the defendant's *minor* child." (Emphasis added*). See United States v. Gonzales*, 2019 WL 5102742, *3 (W.D. Tex. Oct. 10, 2019) (statute did not authorize release of prisoner to help his adult daughter care both for an eldery mother who had cancer and was in hospice care and for a mentally disabled sister).

Further, the defendant is serving a term of imprisonment of 351 months, following his conviction on one count of manufacturing counterfeit currency, one count of passing counterfeit currency, two counts of bank robbery, and two counts of carrying or using a firearm during the bank robberies. Following defendant's direct appeal, this sentence was affirmed by the Tenth Circuit. *United States v. O'Bryan*, 2000 WL 1761057

3

(10th Cir. 2000). Given the serious and violent nature of the defendant's offense, the court hereby denies his requests for immediate release.

IT IS ACCORDINGLY ORDERED this day of February, 2020, that the Defendant's Motion for Reduction, and for Release or other relief (Dkt. 229, 241, 243, 244) are hereby denied.


J. Thomas Marten<br>J. Thomas Marten, Judge