IN THE UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

WICHITA DIVISION

FILED
U.S. District Court
District of Kansas

FEB 18 2020

Clerk, U.S. District Court
By _____ Deputy Clerk

United States of America,
                PLAINTIFF,

        v.                              ) Case No. 6:96-CR-10076-JTM-3

Kerry Devin O'Bryan,
                DEFENDANT,

O'BRYAN'S MOTION FOR RECONSIDERATION
OF COURT ORDER DATED 02/07/20 (Doc. 245)

COMES NOW the Defendant, Kerry Devin O'Bryan, pro se, and hereby moves this Honorable Court for reconsideration of its ORDER dated 02/07/20 (Doc. 245). In support hereof, O'Bryan states as follows:

1. This Court has misconstrued O'Bryan's motion for a sentence reduction under 18 U.S.C. §3582(c)(1)(A)(i), (Doc. 229), as a motion made pursuant to 28 U.S.C. §2255 and/or a request for compassionate release.

2. O'Bryan did not request any relief under section 2255 pursuant to his motion (Doc. 229), and specifically informed the Court of this fact in his reply filed 09/30/2019. (Doc. 233, pg. 1).

3. Nevertheless, this Court denies defendant's "§2255 motion grounded in the FSA," further stating that, "[a]lthough the FSA does amend Section 924(c) sentences, the Act is not retroactive." (Doc. 245, pg. 2).

~ 1 ~

4.   O'Bryan has not yet filed his second or successive $2255 petition with this Court, specifically because he did not wish for this Court to confuse and/or combine his pleadings, which are based on completely separate and independent arguments, facts, and authorities. Nevertheless, this Court has now done just that in its ORDER of 02/07/20. (Doc. 245)

5.   Likewise, at no point has O'Bryan petitioned this Court for "compassionate release" under the provisions of 18 U.S.C. § 3582, nor any other authority, based upon his daughter's failing health. Instead, he only sought to "expedite" the original request for a sentence reduction (Doc. 229) so that he might receive relief in a more timely fashion. The Court has blatantly misconstrued O'Bryan's pleadings as a request for "compassionate release," when no such relief was actually requested at any point in these proceedings.

6.   The Court is correct that "[n]one of O'Bryan's communications to the court (Dkt. 241, 242, 243, 244) indicate that this exhaustion of administrative rights as to the issue of his daughter's hospitilization has occurred." (Doc. 245, pg. 2). This is because O'Bryan did not "exhaust remedy" as it concerns his "daughter's hospitilization," this due to the fact that he never intended to request "compassionate release" on the basis of his daughter's failing health. See paragraph 5, above.

7.   However, O'Bryan did, in fact, exhaust his remedies as it concerns the issues presented in his original pleading, i.e., Docket 229, and Warden Terris simply failed to respond within the 30 day period allowed by 18 U.S.C. § 3582 (c)(1)(A). See Doc. 229, pg. 1-2, para. 3 and 4.

8.   Government did not contest the fact that O'Bryan had exhausted his administrative rights in its responsive pleading of 09/17/2019, (Doc. 230) as it concerns O'Bryan's original pleading (Doc. 229).

~ 2 ~

9. The Courts reliance upon the authority of U.S. v. Drayton, 2019 U.S. Dist. LEXIS 19409 (D. Kansas, Feb. 6, 2019) is likewise misplaced. In that case, the defendant sought relief under 28 U.S.C. §2255. O'Bryan **is not** seeking relief under section 2255 in these issues. See paras. 2-4, above. Drayton also did not have "stacked" section 924(c) convictions, unlike O'Bryan, who has two section 924(c) convictions present in his case. In any event, Drayton remains an unpublished opinion, and is not factually similar to O'Bryan's case at all, making it irrelevant in these issues.

10. The Courts reliance upon U.S.S.G. 1B1.13 is also misplaced, where "[t]he Commission has not revised its policy statement to reflect the First Step Act change and is unlikely to do so soon, since it lacks a quorum of members." U.S. v. Fox, 2019 U.S. Dist. LEXIS 11538 (D.Me., July 11, 2019). This is especially so where the Court is applying the "compassionate release" standard of this outdated section, and O'Bryan has **not** requested release on those grounds. Put simply, there are no current and "applicable policy statements issued by the Sentencing Commission," as required by 18 U.S.C. §3582(c)(1)(A), other than the catch-all provision of Application Note 1(D), for extraordinary or compelling reasons. U.S.S.G. 1B1.13, Application Note 1(D).

11. The Court has also failed to consider the factors set forth in 18 U.S.C. §3553(a), and as required by 18 U.S.C. §3582(c)(1)(A), where it concerns its decision to deny O'Bryan immediate release based on extraordinary or compelling reasons. The Court only states that "[g]iven the serious and violent nature of defendant's offense, the court hereby denies his requests for immediate release." (Doc. 245, pg. 4).

12. For instance, the Court did not take into account that the crimes of conviction were committed in 1996, when O'Bryan was only 26 years old. Nor has the Court considered O'Bryan's excellent prison record and his efforts at rehabilitation. Equally and no less

~ 3 ~

important, the Court did not consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553 (a)(6).

13. The Government has not disputed that O'Bryan has demonstrated post-offense rehabilitation. (Doc 230).

14. The Government has not argued that O'Bryan poses a current danger to the safety of any other person or the community. (Doc. 230).

15. The Government has not raised any argument to the constitutionality of 18 U.S.C. § 3582 (c)(1)(A). (Doc. 230).

16. The Government did not argue that O'Bryan has not demonstrated "extraordinary or compelling reasons" justifying his release under the provisions of 18 U.S.C. § 3582(c)(1)(A). (Doc.230).

17. On January 31, 2020, the BOP awarded O'Bryan the additional seven days good conduct time, moving his maximum release date forward to May 16, 2022.

18. Under BOP policy, O'Bryan's halfway house release paperwork will be submitted on or about November 16, 2020 — i.e., 18 months prior to his GCT release date.

19. Under BOP policy and applicable laws, O'Bryan will be entitled to 6 months halfway house beginning on or about May 16, 2021, followed by 6 months of home confinement beginning November 16, 2021.

20. It is hard to imagine that O'Bryan would constitute a danger to the safety of any other person or the community, given the length of time since the commission of the crimes of conviction, his excellent

~ 4 ~

prison record, his past and continuing efforts toward rehabilitation, and his imminent release date in the very near future, in any event.

21. As previously pointed out to the Court, the proper and on point judicial opinion this Court should consider is U.S. v. Ulekevich, 2019 U.S. Dist. LEXIS 197408 (D. Nebraska, Nov. 14, 2019), where the sentencing court granted that defendant the relief sought under the provisions of 18 U.S.C. §3582(c)(1)(A)(i) for the identical reasons set forth in O'Bryan's case.

## REQUEST FOR RELIEF

WHEREFORE, defendant O'Bryan hereby moves this Honorable Court for the following relief:

(a) an order to immediately vacate this Court's ORDER of February 7, 2020 (Doc. 245) in it's entirety;

(b) reconsideration of the original §3582 motion for sentence reduction (Doc. 229), and related filings (Doc. 230, 233), based upon all of the original pleadings and the illumination provided within this motion for reconsideration itself; and

(c) an order granting O'Bryan the relief previously requested in his motion for sentence reduction (Doc. 229) and reply (Doc. 233) — i.e., a reduction of sentence eliminating his remaining term of imprisonment and supervised release.

Respectfully Requested,

KERRY DEVIN O'BRYAN
Reg. No. 08486-031
PRO SE DEFENDANT

AFFIRMATION UNDER PENALTY OF PERJURY

I hereby affirm under penalty that the foregoing is true
and correct.

February 11th, 2020
Executed on this day of:

KERRY DEVIN O'BRYAN
Reg. No. 08486-031
PRO SE DEFENDANT

CERTIFICATE OF SERVICE

I, Kerry Devin O'Bryan, the undersigned, hereby certify that I
placed a true and correct copy of the foregoing in the U.S. Mail
via the FCI Milan inmate mail system, first class postage prepaid
and properly addressed to the following on this day of February 11th,
2020.

United States Attorney
District of Kansas
301 N. Main, Ste. #1200
Wichita, KS 67202

KERRY DEVIN O'BRYAN
Reg. No. 08486-031
FCI Milan
P.O. Box 1000
Milan, MI 48160-0190
PRO SE DEFENDANT

~6~

Kerry Devin O'Bryan
NAME

08486-031
REG. NO.

FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160

⇔08486-031⇔
United States Court Clerk
401 N Market ST
U.S. District Court
Wichita, KS 67202
United States

RECEIVED
FEB 18 2020

LEGAL MAIL! 02/11/2020