# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
                    Plaintiff,

vs.                                                    No. 96-10076-03-JTM

KERRY DEVIN O'BRYAN,
                    Defendant.


MEMORANDUM AND ORDER


This matter is before the court on defendant's Motion for Reconsideration of the its recent order denying his request for relief under the First Step Act (FSA) (Dkt. 229). Defendant argues that the court erred in failing to order his immediate release based upon 18 U.S.C. § 3582(c)(1)(A)(i). He argues that he is entitled to a sentencing reduction based upon the sentencing factors sent out in 18 U.S.C. § 3553(a).

The court has reviewed the pleadings, and determines that reconsideration is appropriate. The court in its prior order gave particular attention to defendant's request for relief based upon his daughter's recent hospitalization, and also noted the severity of the defendant's underlying offense. However, the core thrust of the defendant's motion is whether the sentence should be modified in light of the FSA's modification of sentencing for offenses under § 924(c), and the court did not fully address the Section

3553(a) factors. In addition, recent decisions addressing the authority of courts to grant FSA relief under Section 3582(c)(1)(A) support a fuller exploration of the defendant's underlying motion.

Accordingly, the court grants O'Bryan's current motion and will reconsider the issue of a § 3582(c)(1)(A) sentence reduction as presented by his original motion. That motion (Dkt. 229) has been fully briefed, with both Response (Dkt. 230) by the government and Reply (Dkt. 233) by O'Bryan, and is ripe for resolution.

Under § 3582(c)(1)(A), the court "may reduce the term of imprisonment" if there are "extraordinary and compelling reasons" for this result. Here, the defendant received a sentence of 351 months imprisonment, based largely on the pre-FSA approach of "stacking" § 924(c) offenses. The FSA clarified that § 924(c) counts can only be stacked if the second offense occurs after a final conviction on the first offense. Section 403, 132 Stat. at 5194, 5221–22. Had O'Bryan been convicted of the same firearems offenses today, he would be facing ten years imprisonment rather than twenty-five. Does the FSA's modification of the § 924(c) sentencing regime constitute an "extraordinary and compelling reason" for a sentencing reduction?

Considered on the merits and in light of recent decisions, the court concludes that O'Bryan's initial motion should be granted. Notably, the only rationale offered by the government for opposing the relief sought is the contention that Congress did not specify that Section 403 of the FSA should apply retroactively. *See* Dkt. 230, at 2 (*citing, e.g., United States v. Drayton*, No. CR 10-20018-01-KHV, 2019 WL 464872, at *2 (D. Kan.

Feb. 6, 2019). However, this simply establishes that a defendant sentenced before the FSA is not *automatically* entitled to resentencing; it does not mean that the court may not or should not consider the effect of a radically changed sentence for purposes of applying § 3582(c)(1)(A). That is, the fact that the FSA changes in § 924(c) were not explicitly retroactive is "relevant [but] ultimately has little bearing" on whether the court is empowered to act under Section 3582, because "[i]t is not unreasonable for Congress to conclude that not *all* defendants convicted under § 924(c) should receive new sentences, even while expanding the power of the courts to relieve *some* defendants of those sentences on a case-by-case basis. *United States v. Maumau*, No. 08-00758-TC-11, 2020 WL 806121, at *7 (D. Utah Feb. 18, 2020).

Previously, the Bureau of Prisons had sole discretion to determine whether the circumstances of a case warranted a shortened sentence. The FSA altered Section 3582 by providing for judicial review of this decision in some cases. In the wake of the First Step Act, numerous courts have recognized the court can determine whether extraordinary and compelling reasons exist to modify a sentence — and may do so under the "catch all" provision similar to that recognized in U.S.S.G. Manual § 1B1.13 n.1(D), that is, "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" relating to prisoner health or family relations. *See Maumau*, 2020 WL 806121, at *3 (citing cases).

In *Maumau*, the court concluded that the drastic reduction in § 924(c) sentences with its elimination of stacking did provide an extraordinary and compelling reason,

3

which—in combination with other circumstances in the case—warranted a modification of the defendant's sentence. Similarly, in *United States v. Urkevich*, No. 03-37, 2019 WL 6037391 (D. Neb. Nov. 14, 2019), the court granted a defendant's motion on similar grounds, noting "specifically the injustice of facing a term of incarceration forty years longer than Congress now deems warranted for the crimes committed." *See also United States v. Brown*, 411 F. Supp. 3d 446, 453 (S.D. Iowa 2019) ("district court assessing a compassionate release motion may still consider the resulting sentencing disparity" caused by the FSA in § 924(c) cases).

As indicated earlier, the only rationale offered by the government in opposition to defendant's motion is that Section 403 of the FSA is not retroactive. It offers no rejoinder to the prison record evidence submitted by O'Bryan indicating rehabilitation progress and favorable behavior. The government has not shown that additional imprisonment will serve the interests of deterrence, or is necessary to protect the public. Nor has it disputed the defendant's calculation of the radically different sentence he would have received if he were subject to the FSA.

O'Bryan's crimes were indeed serious, but they would be appropriately punished by 60 months on each § 924(c) offense, coupled with 51 months on the remaining counts, all running consecutively. That is, the defendant has already served well in excess of the sentence of 171 months which would have satisfied the § 3553 factors.

IT IS ACCORDINGLY ORDERED this day of February, 2020, that the Defendant's Motion for Reconsideration (Dkt. 246) and Motion for Reduction (Dkt. 229) are granted; and the court directs the United States Probation Office to prepare a new judgment imposing a new sentence of 171 months imprisonment and three years of supervised release. This term of imprisonment is comprised of 51 months imprisonment as to Counts 1, 3, 5, and 7, each count to run concurrently with each other; 60 months imprisonment on Count 6, to run consecutively to other counts; 60 months imprisonment as to Count 8, to run consecutively to the preceding counts; and three years supervised release, each count, to run concurrently with each other.

J. Thomas Marten
J. Thomas Marten, Judge